GARRISON, Judge.
Appellants Billy H. Oldham and Patricia Oldham brought suit against Touchard, Inc. and Chevron to recover for personal injuries allegedly sustained in two accidents, one occurring in late 1983, and the other in early 1984.
On October 17, 1985 Chevron filed a cross-claim and third party demand against Touchard and its insurers, Mission Insur- *210 anee Company and others, seeking defense of the claims made by petitioners against Chevron and for indemnity should Chevron be found liable to petitioners.
A protection and indemnity policy issued to the above defendants by Mission was in effect at the time of both accidents. However, on February 24, 1987, Mission was declared insolvent by the Superior Court of Los Angeles, California and is insolvent within the meaning of LSA-R.S. 22:1375 et seq., which allows Louisiana Insurance Guaranty Association (LIGA) to be added as a party in place of Mission. Chevron then filed a third party petition against the LIGA, seeking to require LIGA to defend Chevron against the claims of petitioners as well as seeking indemnity for any and all sums for which it may be found liable unto petitioners. Petitioners amended their complaint to include LIGA as a direct defendant.
On February 17, 1988, LIGA filed a motion seeking summary judgment in its favor on the grounds that the policy issued by Mission was “Ocean Marine Insurance” and thus specifically excluded from LIGA coverage by virtue of the Act’s exemption from coverage for such policies. The summary judgment was granted. Petitioners, Patricia and Billy Oldham, along with Chevron have now appealed this judgment, contending that the policy is not excluded under the LIGA statute. For the reasons expounded below, we affirm the trial court’s decision.
Section 22:1377, which sets out the scope of LIGA’s coverage, states as follows:
“This Part shall apply to all kinds of direct insurance, except life, health and accident, title, disability, mortgage guarantee, and ocean marine insurance”.
The policy issued by Mission states that the insurer will pay the insured “up to the limit per occurrence ... such sums as the assured ... shall have become legally liable to pay and shall have paid” [Emphasis added]. The requirement of prepayment by the insured serves to classify the policy in question as one of indemnity rather than liability.
A recent and pertinent case to that at hand is Deshotels v. SHRM Catering Services, Inc., 538 So.2d 988 (La.1989), handed down by the Louisiana Supreme Court on certification from the U.S. Fifth Circuit. This case presented the following issue: Does a claim for maritime related injuries, brought on a standard workmen’s compensation and employers’ liability policy with a marine endorsement, involve “ocean marine insurance” so as to be excluded, by virtue of La.R.S. 22:1377, from the coverage of the LIGA fund?
In holding that a claim for maritime related injuries, brought on a workmen’s compensation and employers’ liability policy with a maritime endorsement does not involve “ocean marine” insurance and is not excluded from LIGA coverage via LSA-R.S. 22:1377 the Supreme Court stated as follows:
“LSA-R.S. 22:1377 states that Guaranty Association insurance applies ‘to all kinds of direct insurance, except life, health and accident, title, disability, mortgage guaranty, and ocean marine insurance.’ These catagories enumerate different kinds of insurance policies, rather than different risks. It follows that the exclusion for ocean marine insurance does not apply to employers’ liability policies which incidently cover risks associated with maritime activities.” Deshotels, supra at p. 993.
The court states that an insurance policy is not a policy of “ocean marine insurance” due to the mere fact that it embraces some maritime risk. Thus, the court will look to the type of insurance policy involved rather than the type of claim presented.
The case of Backhus v. Transit Casualty Company, 532 So.2d 447 (La.App. 1 Cir.1988), writ granted 540 So.2d 322 (La.1989), involved a very similar set of factual circumstances to that in Oldham. LIGA was made a party to this suit and subsequently filed motion for and was granted summary judgment on the grounds that the protection and indemnity insurance policy involved constituted ocean marine insurance.
*211 The Supreme Court in Deshotels, supra, states that Backhus, supra was in error “in equating all insurance covering maritime claims with ‘ocean marine’ insurance.” However, this does not undermine the Backhus court’s finding that a protection and indemnity policy is one of ocean marine insurance and thereby excluded from coverage under LSA-R.S. 22:1377.
In affirming the trial court’s judgment in this instance, we are looking to the type of insurance policy involved rather than the nature of the claim. The insurance policy issued to Touchard was a protection and indemnity policy. Traditionally considered an “ocean marine” type policy, it indemnified the insured against loss and/or damage of cargo and vessel as well as employee injury. Thus, in our examination of this problem we have looked to the type of insurance policy rather than the type of risk as the Supreme Court did in Deshotels, supra. For these reasons we believe LIGA was entitled to summary judgment and accordingly affirm the trial court’s decision.
AFFIRMED.